**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **JEFFERY SWYERS**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br>Serve: Thomas C. Albus<br>United States Attorney<br>Thomas Eagleton U.S. Courthouse<br>111 S. 10th Street, 20th Floor<br>St. Louis, MO 63102<br><br>and<br><br>**BRUCE LOWELL DUNN**<br>Serve at: 808 Camille Street<br>Park Hills, MO 63601<br><br>Defendants. | Case No. 4:26-cv-1310<br><br>**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL COUNTS** |

**COMPLAINT**

COMES NOW, Plaintiff Jeffery Swyers, by and through undersigned counsel, Holland Law Firm LLC, and for his causes of action against Defendants, the United States of America and Bruce Lowell Dunn, pursuant to 28 U.S.C. §§ 2671 et seq., states and alleges as follows:

**PARTIES**

1. Plaintiff Jeffery Swyers, is an adult and at all times relevant hereto, was a resident and citizen of the State of Missouri, residing at 809 Murphys Way, Farmington, Missouri 63640.

2. Defendant United States of America (the "United States"), at all relevant times hereto, operated the United States Postal Service ("USPS") and pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2672, is the appropriate Defendant subject to no exceptions thereunder.

3. Defendant Bruce Lowell Dunn ("Bruce Dunn"), at all relevant times hereto, was an employee of USPS, and as such was an employee of the United States, residing at 808 Camille Street, Park Hills, Missouri 63601.

**JURISDICTION AND VENUE**

4. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) because the Plaintiff resides in, and the acts or omissions at issue occurred in Farmington, Missouri, St. Francois County located within the Eastern District of Missouri.

7. Pursuant to 28 U.S.C. § 2675, Plaintiff timely presented, in writing, his claim for personal injury and property damage to the United States Postal Service National Tort Center. Plaintiff submitted an SF-95 to the United States Postal Service National Tort Center on January 23, 2026, and the United States Postal Service acknowledged receipt in a correspondence dated February 20, 2026. The United States has not yet made a determination as to Plaintiff's claim, however, as more than six months have passed since the claim was presented, suit is authorized under 28 U.S.C. §§ 2675(a) and 2401(b) and Plaintiff hereby exercises his option of deeming the government's inaction a final denial of his claim.

**FACTUAL BACKGROUND RELEVANT TO ALL COUNTS**

8. On or about July 24, 2025, at approximately 6:30p.m., Plaintiff was lawfully riding his bicycle traveling southbound on A Street in Farmington, Missouri.

9. At said time and place, Defendant Bruce Dunn was driving a USPS vehicle traveling eastbound on Laura Street.

10. At all times relevant hereto, Laura Street was controlled by stop signs in both directions at its intersection with A Street, while A Street was an uncontrolled roadway with no stop signs at its intersection with Laura Street.

11. At said time and place, Defendant Bruce Dunn negligently failed to stop the USPS vehicle at the stop sign controlling his eastbound travel on Laura Street, negligently failed to yield the right-of-way to Plaintiff who was lawfully traveling on A Street, and negligently failed to observe or keep a proper lookout for Plaintiff's travel before driving the USPS vehicle into the intersection and path of Plaintiff's travel, thereby causing the USPS vehicle to collide with Plaintiff and his bicycle.

12. At all relevant times hereto, Defendant Bruce Dunn was acting within the course and scope of his employment with the United States.

13. As a direct and proximate result of Defendants' negligence, Plaintiff sustained personal injuries requiring medical care and property damage to his bicycle and accompanying equipment.

**COUNT I – NEGLIGENCE**
**(Against the United States)**

14. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

15. As a government entity, Defendant United States acts through its officers, agents, servants, and/or employees. Any acts or omissions of an officer, agent, servant, and/or employee made while acting in the scope of authority delegated by Defendant United States, or within the scope of employment of said employee, is the act or omission of Defendant United States.

16. Defendant United States, acting through its officers, agents, servants, and/or employees, owed a duty to Plaintiff to operate its USPS motor vehicles in a reasonable and safe

manner, consistent with the presence of motor vehicles and pedestrian bicycle traffic on the roadway.

17. Defendant United States, through its agent, servant, or employee, breached its duty of care and was thereby negligent in one or more of the following respects:

a. failing to keep a proper lookout;
b. failing to yield the right-of-way;
c. failing to stop at the stop sign located at the intersection of A Street and Laura Street;
d. failing to stop or slow after Defendant knew, or, by the exercise of reasonable care, should have known that there was a reasonable likelihood of collision;
e. failing to sound warning; and/or
f. allowing Defendant's vehicle to come into contact with Plaintiff and Plaintiff's bicycle.

18. On or about July 24, 2025, the City of Farmington, Missouri had in full force and effect various municipal codes and Defendant United States, through its agent, servant, or employee, breached said codes, constituting **negligence per se,** by:

a. failing to stop at a stop intersection indicated by a stop sign before entering the intersection in violation of Traffic Code 335.040(b) and 335.050; and/or
b. failing to yield the right-of-way in violation of Traffic Code 335.050;

19. On or about July 24, 2025, the State of Missouri had in full force and effect various traffic statutes and Defendant United States, through its agent, servant, or employee breached said traffic statutes, constituting **negligence per se,** by:

a. failing to yield the right of way in violation of RSMo § 304.351;
b. failing to observe and comply with the rules of the road in violation of RSMo § 304.014;
c. failing to keep a careful lookout in violation of RSMo § 304.012;
d. failing to sound warning in violation of RSMo § 304.012;
e. failing to stop or slow after knowing, or by the use of the highest degree of care, should have known, there was a reasonable likelihood of collision in violation of RSMo § 304.012; and/or

f. allowing the USPS vehicle to come into contact with Plaintiff and Plaintiff's bicycle in violation of RSMo § 304.012.

20. As a direct and proximate result of one or more of the aforementioned acts or omissions of Defendant United States, Plaintiff suffered damages in the form of serious injury to his head and elbow requiring medical treatment, pain and suffering, emotional damage, loss of enjoyment of life, and property damage to his bicycle and related equipment, including his helmet and Garmin Edge 840 Bike Computer. Plaintiff has further expended or obligated himself for reasonable and necessary medical expenses and out-of-pocket expenses.

**WHEREFORE,** Plaintiff prays for judgment against Defendant United States for the amount of $100,000.00, together with interest and costs expended herein and such further amounts and relief as the Court deems just and appropriate.

## COUNT II – NEGLIGENT HIRING AND RETENTION
## (Against the United States)

21. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

22. Defendant United States owed a duty to the general public, including Plaintiff, to exercise reasonable care in the hiring and screening of its employees, including the duty to diligently and adequately screen potential employees regarding their driving abilities.

23. Defendant United States owed a duty to the general public, including Plaintiff, to dismiss employees who fail to exhibit safe driving and an understanding of their duty of care.

24. Defendant United States knew or in the exercise of reasonable care should have known of any propensity or proclivity of Defendant Bruce Dunn to operate motor vehicles in a negligent, dangerous, or otherwise unsafe manner and/or to engage in conduct posing an unreasonable risk of harm to the public.

25. Defendant United States breached its duty of care and was thereby negligent in one or more of the following respects:

a. failing to conduct adequate pre-employment screening or background inquiry with respect to Defendant Bruce Dunn prior to assigning him to a role requiring operation of a commercial motor vehicle; and/or

b. retaining Defendant Bruce Dunn in a position requiring operation of a commercial motor vehicle after Defendant United States knew or reasonably should have known of his propensity to operate such vehicles in an unsafe manner.

26. As a direct and proximate result of Defendant United States' negligent hiring and retention of Defendant Bruce Dunn, Plaintiff suffered damages in the form of serious injury to his head and elbow requiring medical treatment, pain and suffering, emotional damage, loss of enjoyment of life, and property damage to his bicycle and related equipment, including his helmet and Garmin Edge 840 Bike Computer. Plaintiff has further expended or obligated himself for reasonable and necessary medical expenses and out-of-pocket expenses.

**WHEREFORE,** Plaintiff prays for judgment against Defendant United States for the fair and reasonable amount of $100,000.00, together with interest and costs expended herein and such further amounts and relief as the Court deems just and appropriate.

## COUNT III – NEGLIGENT TRAINING AND SUPERVISION
## (Against the United States)

27. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

28. Defendant United States owed a duty to the general public, including Plaintiff, to provide adequate training and instruction to its employees, including Defendant Bruce Dunn, regarding driving and operation of a motor vehicle to ensure the safe and effective performance of their job duties.

29. Defendant United States owed a duty to the general public, including Plaintiff, to supervise its employees, including Defendant Bruce Dunn, in the performance of their job duties.

30. Defendant United States breached its duty of care and was thereby negligent in one or more of the following respects:

a. failing to properly instruct Defendant Bruce Dunn on safe driving;
b. failing to train Defendant Bruce Dunn in the safe and reasonable operation of a motor vehicle on public roadways;
c. failing to provide Defendant Bruce Dunn with continuing education on the safe driving skills necessary to fulfill his job duties with reasonable care; and/or
d. failing to monitor or supervise Defendant Bruce Dunn in the fulfillment of his job duties, including his operation of the USPS commercial motor vehicle.

31. As a direct and proximate result of Defendant United States's negligent training and supervision of Defendant Bruce Dunn, Plaintiff suffered damages in the form of serious injury to his head and elbow requiring medical treatment, pain and suffering, emotional damage, loss of enjoyment of life, and property damage to his bicycle and related equipment, including his helmet and Garmin Edge 840 Bike Computer. Plaintiff has further expended or obligated himself for reasonable and necessary medical expenses and out-of-pocket expenses.

**WHEREFORE,** Plaintiff prays for judgment against Defendant United States for the fair amount of $100,000.00, together with interest and costs expended herein and such further amounts and relief as the Court deems just and appropriate.

## COUNT IV – NEGLIGENCE
## (Against Bruce Dunn)

32. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

33. Defendant Bruce Dunn owed a duty to operate the USPS vehicle with the highest degree of care.

34. Defendant Bruce Dunn breached his duty of care and was thereby negligent in one or more of the following respects:

a. failing to keep a proper lookout;
b. failing to yield the right-of-way;
c. failing to stop at the stop sign located at the intersection of A Street and Laura Street;
d. failing to stop or slow after Defendant knew, or, by the exercise of reasonable care, should have known that there was a reasonable likelihood of collision;
e. failing to sound warning; and/or
f. allowing Defendant's vehicle to come into contact with Plaintiff and Plaintiff's bicycle.

35. On or about July 24, 2025, the City of Farmington, Missouri had in full force and effect various municipal codes and Defendant Bruce Dunn breached said codes, constituting **negligence per se,** by:

a. failing to stop at a stop intersection indicated by a stop sign before entering the intersection in violation of Traffic Code 335.040(b) and 335.050; and/or
b. failing to yield the right-of-way in violation of Traffic Code 335.050;

36. On or about July 24, 2025, the State of Missouri had in full force and effect various traffic statutes and Defendant Bruce Dunn breached said traffic statutes, constituting **negligence per se,** by:

a. failing to yield the right of way in violation of RSMo § 304.351;
b. failing to observe and comply with the rules of the road in violation of RSMo § 304.014;
c. failing to keep a careful lookout in violation of RSMo § 304.012;
d. failing to sound warning in violation of RSMo § 304.012;
e. failing to stop or slow after knowing, or by the use of the highest degree of care, should have known, there was a reasonable likelihood of collision in violation of RSMo § 304.012; and/or

f. allowing the USPS vehicle to come into contact with Plaintiff and Plaintiff's bicycle in violation of RSMo § 304.012.

37. As a direct and proximate result of one or more of the aforementioned acts or omissions of Defendant Bruce Dunn, Plaintiff suffered damages in the form of serious injury to his head and elbow requiring medical treatment, pain and suffering, emotional damage, loss of enjoyment of life, and property damage to his bicycle and related equipment, including his helmet and Garmin Edge 840 Bike Computer. Plaintiff has further expended or obligated himself for reasonable and necessary medical expenses and out-of-pocket expenses.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Bruce Dunn for the fair amount of $100,000.00, together with interest and costs expended herein and such further amounts and relief as the Court deems just and appropriate.

Respectfully Submitted,

*/s/ Patrick R. Dowd*
Patrick R. Dowd, 64820 (MO)
Robert J. Evola, 50827 (MO)
HOLLAND LAW FIRM
211 North Broadway, Suite 2625
St. Louis, MO 63102
314-241-8111
314-241-5554 – facsimile
pdowd@hollandtriallawyers.com
revola@hollandtriallawyers.com

***Attorneys for Plaintiff***